1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER CARREA, | 1:10-cv-01004 OWW GSA |
| Plaintiff, | **ORDER REGARDING PLAINTIFF'S COMPLAINT** |
| v. | (Document 1) |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | |

Plaintiff Christopher Carrea, Jr. ("Plaintiff"), appearing pro se and proceeding in forma pauperis, filed the instant complaint alleging damages for personal injuries against the State of California, Attorney General Edmund G. Brown, Governor Arnold Schwarzenegger, the County of Los Angeles, the County of San Diego, the Jury Commissioner of Los Angeles County, the Jury Commissioner of San Diego County, and the district attorneys of both Los Angeles and San Diego counties[1] ("Defendants"). Plaintiff seeks general damages of $5,000,000 and punitive

---

[1]Plaintiff does not identify the district attorneys in the caption of his complaint, rather these Defendants are identified in the body of Plaintiff's individual claims.

1

1  damages of $5,000,000.[2]  Additionally, Plaintiff seeks injunctive relief in the form of the state

2  devising a system to include minority candidates in jury pools in proportion to the relevant

3  population.  (Doc. 1.)

4                                   **DISCUSSION**

5      A.      *Screening Standard*

6          Pursuant to Title 28 of the United States Code section 1915(e)(2), the Court must conduct

7  an initial review of the complaint for sufficiency to state a claim.  The Court must dismiss a

8  complaint or portion thereof if the Court determines that the action is legally "frivolous or

9  malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from

10 a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  If the Court determines

11 that the complaint fails to state a claim, leave to amend may be granted to the extent that the

12 deficiencies of the complaint can be cured by amendment.

13         A complaint must contain "a short and plain statement of the claim showing that the

14 pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

15 required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

16 conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing

17 *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  Plaintiff

18 must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its

19 face.'"  *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).  While legal conclusions

20 can provide a framework of a complaint, they must be supported by factual allegations.  *Iqbal*,

21 129 S.Ct. at 1950.  While factual allegations are accepted as true, legal conclusion are not.  *Iqbal*

22 at 1949.

23

24 _____

25         [2]On page three of the form portion of Plaintiff's complaint, he references $10,000,000 in
26 damages; however, the Court notes that on the last page of the appended, typed portions of his
   complaint (his page number 29), Plaintiff seeks a total of $3,000,000 in general and punitive
27 damages.

28                                        2

1   In reviewing a complaint under this standard, the Court must accept as true the allegations

2   of the complaint in question, *Hospital Bldg. Co. V. Trustees of Rex Hospital*, 425 U.S. 738, 740

3   (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, *Resnick*

4   *v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor,

5   *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

6   A pleading may not simply allege a wrong has been committed and demand relief.  The

7   underlying requirement is that a pleading give "fair notice" of the claim being asserted and the

8   "grounds upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957); *Yamaguchi v.*

9   *United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997).

10   **B.** **Federal Claims**

11        **1.** **1983 Actions**

12   The Civil Rights Act under which this action was filed provides as follows:

13        Every person who, under color of [state law] . . . subjects, or causes to be
     subjected, any citizen of the United States . . . to the deprivation of any rights,
14        privileges, or immunities secured by the Constitution . . . shall be liable to the
     party injured in an action at law, suit in equity, or other proper proceeding for
15        redress.

16   42 U.S.C. § 1983.  Thus, to state a claim under Title 42 of the United States Code section 1983,[3]

17   a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant

18   deprived him of rights secured by the Constitution or federal law.  *Long v. County of Los*

19   *Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

20   Moreover, section 1983 requires that there be an actual connection or link between the

21   actions of defendant and the deprivation allegedly suffered.  *See Monell v. Department of Social*

22   *Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).  The Ninth Circuit Court of

23   Appeals has held that "a person 'subjects' another to deprivation of constitutional right, within

24   the meaning of section 1983, if he does an affirmative act, participates in another's affirmative

25

26        [3]All further statutory references are to Title 42 of the United States Code unless otherwise

27   indicated.

28                                                    3

acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

### 2.  1985 Actions

Plaintiff is advised that a claim brought for violation of section 1985(3) requires "four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992) (citation omitted). A racial, or perhaps otherwise class-based, invidiously discriminatory animus is an indispensable element of a section 1985(3) claim. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 989 (9th Cir. 2001) (quotations & citation omitted). To state a claim under section 1985(3), a plaintiff must allege sufficient facts showing "a deprivation of a right motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' actions.'" *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1056 (9th Cir. 2002) (quoting *Sever v. Alaska Pulp Corp.,* 978 F.2d at 1536).

### 3.  1986 Actions

Plaintiff is advised that "[s]ection 1986 authorizes a remedy against state actors who have negligently failed to prevent a conspiracy that would be actionable under [section] 1985." *Cerrato v. San Francisco Cmty. Coll. Dist.*, 26 F.3d 968, 971 n.7 (9th Cir. 1994). Thus, Plaintiff shall keep in mind that he may not pursue a claim for relief under section 1986 unless he has first stated a claim for relief under section 1985. *McCalden v. California Library Assoc.*, 955 F.2d 1214, 1223 (9th Cir. 1992).

### C.  *Plaintiff's Allegations*

Although Plaintiff's complaint is rambling and verbose, generally speaking, it appears he contends that (1) Defendants State of California, Attorney General Brown and Governor

1  Schwarzenegger have violated his constitutional rights by purposefully and deliberately denying

2  blacks to be considered and/or serve as jurors in criminal cases; (2) Defendants County of Los

3  Angeles, the Jury Commissioner of Los Angeles County and the Los Angeles County District

4  Attorney have purposefully and deliberately violated Plaintiff's Fifth and Fourteenth Amendment

5  rights and state constitutional rights for similar reasons; and (3) Defendants County of San

6  Diego, the Jury Commissioner of San Diego County and the San Diego County District

7  Attorney's Office have also purposefully and deliberately violated Plaintiff's federal and state

8  constitutional rights.

9        **D.**    *Rule 8(a)*

10        Rule 8(a) of the Federal Rules of Civil Procedure states that a complaint must contain "a

11  short and plain statement of the claim."  The rule expresses the principle of notice-pleading,

12  whereby the pleader need only give the opposing party fair notice of a claim.  *Conley v. Gibson*,

13  355 U.S. at 45-46.  Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may

14  ultimately rely upon at trial, but only a statement sufficient to "give the defendant fair notice of

15  what the plaintiff's claim is and the grounds upon which it rests."  *Id*. at 47.

16        Here, Plaintiff will be given an opportunity to amend his complaint to comply with Rule

17  8(a).  Plaintiff should avoid an elaborate recitation of every fact.  In the paragraphs that follow,

18  the court will provide Plaintiff with additional legal standards that appear to apply to his claims.

19  Plaintiff should carefully review the standards and amend only those claims that he believes, in

20  good faith, are cognizable.  Plaintiff is advised that his amended complaint must contain all

21  necessary allegations.  Moreover, if Plaintiff wishes to allege causes of action, he must separate

22  each claim and state facts in support of each individual claim against each defendant.

23        **E.**    *Rule 18 of the Federal Rules of Civil Procedure*

24        Initially, this Court cautions Plaintiff that his action appears to involve two separate

25  actions in contravention of Rule 18 of the Federal Rules of Civil Procedure.

26

27

28          5

1
2
3
4
5

> The controlling principle appears in Fed.R.Civ.P. 18(a) "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or alternate claims, as many claims, legal equitable, or maritime, as the party has against an opposing party." Thus multiple claims against a single party are permissible, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. *Unrelated claims against different defendants belong in different suits*, not only to prevent the sort of morass (a multiple claim, multiple defendant) suit produces, but also to ensure that prisoners pay the required filing fees.

6  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), emphasis added.

7     Here, Plaintiff asserts claims against certain Defendants for certain actions that occurred

8  in San Diego county, then asserts another claim against other Defendants for certain actions that

9  occurred in Los Angeles County.  These claims are likely unrelated and belong in different suits.

10     **F.    *Statute of Limitations***

11     The Court notes that Plaintiff's complaint is completely devoid of any information

12  regarding when his purported injuries occurred.  Plaintiff is cautioned as follows regarding

13  applicable statutes of limitation.

14     Federal civil rights statutes have no independent limitations period.  *Johnson v. State of*

15  *California*, 207 F.3d 650, 653 (9th Cir. 2000); *Taylor v. Regents of the Univ. of Cal.*, 993 F.2d

16  710, 711 (9th Cir. 1993) (California's statute of limitations for personal injury actions governs

17  claims brought pursuant to §§ 1981, 1983 & 1985); *Abreu v. Ramirez*, 284 F.Supp.2d 1250, 1257

18  (C.D. Cal. 2003).  The applicable limitations period is determined by borrowing the forum state's

19  limitations period for personal injuries.  *Johnson*, 207 F.3d at 653; *Abreu*, 284 F.Supp.2d at

20  1257.  Section 1983 and related federal civil rights claims "are best characterized as personal

21  injury actions."  *Wilson v. Garcia*, 471 U.S. 261, 280 (1985).

22     Pursuant to *Wilson*, the Ninth Circuit held that the appropriate statute of limitations for

23  section 1983 and section 1985 claims brought in California is the limitation set forth in

24  California Code of Civil Procedure section 340(3).  *See Usher v. City of Los Angeles*, 828 F.2d

25  556, 558 (9th Cir.1987) (deciding Cal. C.C.P. § 340(3) applies to claims brought pursuant to §

26  1983); *McDougal v. County of Imperial*, 942 F.2d 668, 674 (9th Cir.1991) (deciding that Cal.

27

28                                        6

1  C.C.P. § 340(3) applies to claims brought pursuant to § 1985(3)); *Taylor v. Regents of Univ. of*

2  *California*, 993 F.2d at 711-12 (holding that Cal. C.C.P. § 340(3) applies to claims brought

3  pursuant to § 1985). On January 1, 2003, section 340(3) was replaced with California Code of

4  Civil Procedure section 335.1[4], which lengthened the limitations period for personal injury

5  claims to two years. Although state law provides the statute of limitations for claims under

6  sections 1983 and 1985, federal law determines when a civil rights claim accrues. *Knox v. Davis*,

7  260 F.3d 1009, 1013 (9th Cir. 2001). "Under federal law, 'a claim accrues when the plaintiff

8  knows or has reason to know of the injury which is the basis of the action.' " *Id.*, quoting *Two*

9  *Rivers v. Lewis*, 174 F.3d 987, 992 (9th Cir. 1999).

10      Although the statute of limitations is an affirmative defense that normally may not be

11  raised by the Court sua sponte, it may be grounds for sua sponte dismissal of an in forma

12  pauperis complaint where the defense is complete and obvious from the face of the pleadings or

13  the court's own records. *Franklin v. Murphy*, 745 F.2d 1221, 1228-1230 (9th Cir. 1984).

14      This Court acknowledges that pro se plaintiffs proceeding in forma pauperis must be

15  given an opportunity to amend their complaint unless it is "absolutely clear that the deficiencies

16  of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d at 1228, n. 9.

17  Here, because Plaintiff's complaint lacks any information whatsoever with regard to the relevant

18  time periods, he will be provided an opportunity to amend his complaint to include this important

19  information.

20      **G.    *Standing***

21      Next, the Court is not now certain that Plaintiff has standing to assert the claims as

22  alleged. At times Plaintiff is asserting personal violations, yet at other times, it appears Plaintiff

23  is seeking relief for other minority groups as a whole. (Doc. 1 at 21, 27.)

24

25  ─────────────

26      [4]California Code of Civil Procedure section 335.1 provides: "Within two years: An action
    for assault, battery, or injury to, or for the death of, an individual caused by the wrongful act or
27  neglect of another."

28                                              7

Because the complaint is not clear, and because Plaintiff will be given an opportunity to cure the deficiencies identified herein, he is advised that at a bare minimum, standing requires that a plaintiff "show that [he] suffered an injury in fact, there was a causal connection between the injury and the conduct complained of, and the injury is likely to be redressed by a favorable decision." *Davis v. Yageo Corp.*, 481 F.3d 661, 673 (9th Cir. 2007) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 2136 (1992)).  In other words, Plaintiff cannot represent the legal interests of others as he has no standing to do so.[5]

### H.   *Eleventh Amendment*

Plaintiff is advised the Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. *Brooks v. Sulphur Springs Valley Elec. Co.*, 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); *see also Seminole Tribe of Fla. v. Florida*, 116 S.Ct. 1114, 1122 (1996); *Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Austin v. State Indus. Ins. Sys.*, 939 F.2d 676, 677 (9th Cir. 1991).  The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. *See Natural Resources Defense Council v. California Dep't of Transp.*, 96 F.3d 420, 421 (9th Cir. 1996); *Brooks*, 951 F.2d at 1053; *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Mitchell v. Los Angeles Community College Dist.*, 861 F.2d 198, 201 (9th Cir. 1989). "The Eleventh Amendment's jurisdictional bar covers suits naming state agencies and departments as defendants, and applies whether the relief is legal or equitable in nature." *Brooks*, 951 F.2d at 1053.

The Eleventh Amendment's bar to actions against states and their entities in federal courts provides a ground upon which to recommend dismissal of Defendant "State of California"

---

[5]Although a non-attorney may appear in propria persona in his or her own behalf, that privilege is personal to him. *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966).  "A litigant appearing in propria persona has no authority to represent anyone other than himself." *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962).  Non-attorney litigants may not represent others. *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997); *Church of the New Testament v. U.S.*, 783 F.2d 771, 774 (9th Cir. 1986).

8

1  from Plaintiff's complaint.  "The Eleventh Amendment bars suits for money damages in federal

2  court against a state, its agencies, and state officials in their official capacities."  *Aholelei v. Dept.*

3  *of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted).  Thus, Plaintiff's claim

4  for money damages from the State of California fails as a matter of law.  Plaintiff should

5  therefore refrain from naming the State of California as a defendant in his amended complaint.

6  **I.   *Municipalities***

7  Further, Plaintiff names the County of Los Angeles and the County of San Diego as

8  Defendants in his complaint.  Aside from the question of whether two separate actions must be

9  brought to assert these claims (*see* subh. E), Plaintiff is advised that section 1983 requires that

10  there be an actual connection or link between the actions of defendant and the deprivation

11  allegedly suffered.  *See Monell v. Department of Social Services*, 436 U.S. 658; *Rizzo v. Goode*,

12  423 U.S. 362.  The Ninth Circuit Court of Appeals has held that "a person 'subjects' another to

13  deprivation of constitutional right, within the meaning of section 1983, if he does an affirmative

14  act, participates in another's affirmative acts or omits to perform an act which he is legally

15  required to do that causes the deprivation of which complaint is made."  *Johnson v. Duffy*, 588

16  F.2d at 743.

17  To the extent Plaintiff seeks to pursue a section 1983 claim, the complaint fails to allege a

18  *Monell* claim against either the County of Los Angeles or San Diego.  A local government unit

19  may not be held liable for the acts of its employees under a respondeat superior theory.  *Monell*,

20  436 U.S. at 691; *Davis v. Mason County*, 927 F.2d 1473, 1480 (9th Cir. 1991), *cert. denied*, 502

21  U.S. 899 (1991); *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443 (9th Cir. 1989).

22  Because liability of a local governmental unit must rest on its actions, not the actions of its

23  employees, a plaintiff must go beyond the respondeat superior theory and demonstrate the alleged

24  constitutional violation was the product of a policy or custom of the local governmental unit.

25  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197 (1989); *Pembaur v. City of*

26  *Cincinnati*, 475 U.S. 469, 478-480, 106 S.Ct. 1292 (1986).

27

28

1    A "rule or regulation promulgated, adopted, or ratified by a local governmental entity's

2  legislative body unquestionably satisfies *Monell*'s policy requirements." *Thompson*, 885 F.2d at

3  1443.  Official policy may derive from "a decision properly made by a local governmental

4  entity's authorized decisionmaker – i.e., an official who possesses final authority to establish

5  [local government] policy with respect to the [challenged] action." *Thompson*, 885 F.2d at 1443

6  (internal quotation marks omitted).  "Only if a plaintiff shows that his injury resulted from a

7  'permanent and well-settled' practice may liability attach for injury resulting from a local

8  government custom." *Thompson*, 885 F.2d at 1444.  "[O]fficial policy must be the moving force

9  of the constitutional violation in order to establish the liability of a government body under §

10  1983." *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (internal quotation marks omitted); *see*

11  *Rizzo*, 423 U.S. at 370-377 (general allegation of administrative negligence fails to state a

12  constitutional claim cognizable under § 1983).

13    Here, Plaintiff's complaint lacks any allegation of a policy or custom and resulting

14  constitutional violation to set forth a *Monell* claim.  Simply alleging a wrong has been committed

15  and demanding relief is not enough.  *See Conley v. Gibson*, 355 U.S. at 47-48.

16    **J.**      ***Governor Schwarzenegger & Attorney General Brown***

17    Plaintiff also asserts in his first claim that Governor Schwarzenegger and Attorney

18  General Brown have purposefully and deliberately "denied blacks as jurors in the administration"

19  of criminal cases.  More particularly, he claims the governor and attorney general have failed to

20  perform their duties are required by Article V of the California Constitution and thus have

21  breached their "duty to correct equal protection and constitutional violation[s] committed."

22  (Doc. 1 at 6-18.)

23    "Although there is no pure respondeat superior liability under § 1983, a supervisor [may

24  be held] liable for the constitutional violations of subordinates 'if the supervisor participated in

25  or directed the violations, or knew of the violations and failed to act to prevent them.'" *Hydrick*

26  *v. Hunter*, 500 F.3d at 988 (quoting *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989)).

27

28                                            10

1    Plaintiff fails to explain the supervisorial role of these named Defendants and fails to

2    make any allegations of direct participation.  While it may appear to the Court unlikely that the

3    governor or the attorney general had any direct involvement necessary to sustain supervisorial

4    liability under section 1983 in this case, Plaintiff will be permitted an opportunity to amend his

5    complaint to so allege.

6    **K.**      ***Immunity of Government Officials***

7    Plaintiff is informed that government officials enjoy qualified immunity from civil

8    damages unless their conduct violates "clearly established statutory or constitutional rights of

9    which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

10   In ruling upon the issue of qualified immunity, the initial inquiry is whether, taken in the light

11   most favorable to the party asserting the injury, the facts alleged show the defendant's conduct

12   violated a constitutional right.  *Saucier v. Katz*, 533 U.S. 194, 201 (2001).  If, and only if, a

13   violation can be made out, the next step is to ask whether the right was clearly established.  *Id*.

14   The inquiry "must be undertaken in light of the specific context of the case, not as a broad

15   general proposition . . .."  *Saucier v. Katz*, 533 U.S. 194, 201 (2002).  "[T]he right the official is

16   alleged to have violated must have been 'clearly established' in a more particularized, and hence

17   more relevant, sense:  The contours of the right must be sufficiently clear that a reasonable

18   official would understand that what he is doing violates that right."  *Saucier v. Katz*, 533 U.S. at

19   202 (citation omitted).  In resolving these issues, a court must view the evidence in the light most

20   favorable to the plaintiff and resolve all material factual disputes in favor of the plaintiff.

21   *Martinez v. Stanford*, 323 F.3d 1178, 1184 (9th Cir. 2003). Qualified immunity protects "all but

22   the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S.

23   335, 341 (1986).

24   With specific regard to Plaintiff naming the jury commissioners of both Los Angeles and

25   San Diego counties as Defendants, Plaintiff is advised that jury commissioners may be entitled to

26   absolute immunity where the acts taken are functionally comparable to those of judges, i.e.,

27

28                                                11

duties that involve the exercise of discretion in resolving disputes. *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435, 113 S.Ct. 2167, 124 L.Ed.2d 391 (1993). Analogous to the occupation at issue here, the Ninth Circuit has held that "court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process . . . unless [the] acts were done in the clear absence of all jurisdiction." *See Mullis v. U.S. Bankr.Court*, 828 F.2d 1385, 1390 (9th Cir. 1987). This includes merely administrative acts that are a part of the judicial function, including a clerks' filing or refusing to file documents with the court. *Id.*; *In re Castillo*, 297 F.3d 940, 952 (9th Cir. 2002).

### L.    *Habeas Corpus*

Plaintiff seeks relief for numerous civil rights violations, in large part pursuant to section 1983. Nevertheless, Plaintiff complaint also references actions by Defendants that may be more properly brought by way of a writ of habeas corpus. For example, at page 21 of his complaint Plaintiff asserts he "was subjected to a trial in Los Angeles County where all the district attorney witnesses stated they wanted the Plaintiff arrested because he was black and a judge of the case and more than half the jury stated they had committed the same alleged crime (bounced check on his own account) but still convicted the Plaintiff due to his race for an alleged crime they themselves committed." In another example, at page 27, Plaintiff states he "was subjected to a trial in San Diego County where after the conviction illegally wa[s] given an illegal sentence, which happens for blacks in the County of San Diego."

To the degree Plaintiff's complaint can be interpreted to challenge the legality or duration of his custody, or attempts to raise a constitutional challenge which could entitle him to an earlier release, Plaintiff is advised that his sole federal remedy is a writ of habeas corpus. *Wilkinson v. Dotson*, 544 U.S. 74, 125 S.Ct. 1242, 1245-48 (2005); *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991).

In the first example above, it appears Plaintiff is claiming, at least in part, juror misconduct or bias and judicial misconduct or bias, going to the legality of his custody. In the

second example, Plaintiff challenges the legality of his sentence. Both are properly presented by way of a petition for writ of habeas corpus.

Moreover, when seeking relief for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). "A claim . . . bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id*. at 488.

Plaintiff has not indicated his conviction or sentence in either county was reversed or otherwise declared invalid.

## M.    Injunctive Relief

Finally, Plaintiff seeks monetary damages and injunctive relief. More specifically, Plaintiff seeks "emergency injunctive relief and relief for the State of California to come up with a sy[s]tem that includes minorities pr[o]portioned to the population in jury pools." (Doc. 1 at 3, ¶ V.)

Plaintiff is advised that as a general matter, monetary injury, even severe monetary injury, is an insufficient ground for injunctive relief. *Sampson v. Murray*, 415 U.S. 61, 90-92, 94 S.Ct. 937, 952-953 (1974). That is because monetary loss may be compensated at law. Put differently, a person suffering monetary injury has an adequate remedy at law and, accordingly, equitable relief should be denied. Additionally, Plaintiff is cautioned that in the context of injunctive relief, Plaintiff must allege an injury in fact, as well as a sufficient likelihood that he will again be wronged in a similar way. *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). That is, a real and immediate threat of repeated injury exists. *O'Shea v. Littleton*, 414 U.S. 488, 496, 94 S.Ct. 669 (1974). In light of the claims Plaintiff has presented, it appears highly unlikely to this Court that Plaintiff can allege a sufficient likelihood of a real and immediate threat of repeated

1   injury absent Plaintiff's assertion that he is likely to face future criminal trial proceedings as the

2   result of future criminal conduct.

3   **CONCLUSION**

4         For the above reasons, Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND.

5   Plaintiff's first amended complaint is due within thirty (30) days of the date of service of this

6   order.  If Plaintiff fails to file a first amended complaint, the Court will recommend that this

7   action be dismissed for failure to follow a court order.

8         Plaintiff is cautioned that an amended complaint supercedes the original complaint, and

9   must be "complete in itself without reference to the prior or superceded pleading."  *See Forsyth*

10  *v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th

11  Cir. 1987); Local Rule 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original

12  complaint which are not alleged in an amended complaint are waived."  *King*, 814 F.2d at 567,

13  citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981); *accord Forsyth*, 114

14  F.3d at 1474.

15

16       IT IS SO ORDERED.

17  **Dated:**   **November 10, 2010**                    **/s/ Gary S. Austin**

18                                         UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28                            14